1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DUCHUN LAFRE GOODWIN,

Plaintiff,

v.

MICHAEL M. YAMADA,

Defendant.

Case No.   1:23-cv-00345-JLT-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDER

(ECF Nos. 4, 6).

Plaintiff Duchun Lafre Goodwin, proceeding *pro se* and *in forma pauperis*, filed this case on March 8, 2023, against Defendant Michael M. Yamada. (ECF Nos. 1, 3). The complaint appears to assert violations of the Fair Housing Act (FHA) and the Civil Rights Act of 1991.

The Court screened the complaint on March 24, 2023, concluding that it failed to state any cognizable claims. (ECF No. 4). However, despite ordering Plaintiff to amend his complaint or file a notice to stand on his complaint, Plaintiff has not filed anything. Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case without prejudice.

I.     **BACKGROUND**

Plaintiff used a form complaint for this case. Under the section of the form asking what statutes support federal question jurisdiction, Plaintiff lists: "Fair Housing Act[,] Sections 102 and

1

103 of the Civil Rights of 1991." (ECF No. 1, p. 4).[1] Under the section of the form asking what facts support the claims, Plaintiff states: "intentional discrimination denied Fair Housing Act." (*Id.* at 5).

In its March 24, 2023 screening order, the Court concluded that Plaintiff failed to provide sufficient facts regarding his claims to give Defendant fair notice to defend the case. Moreover, the Court noted that Sections 102 and 103 of the Civil Rights Act of 1991 do not provide a substantive cause of action for housing discrimination. The Court provided Plaintiff with some potentially applicable legal standards and permitted him to file an amended complaint or notice to stand on his complaint within 30 days. The order warned Plaintiff that failure to respond may result in dismissal of the case.

On April 4, 2023, the screening order was returned as undeliverable due to an insufficient address. On April 13, 2023, Plaintiff filed a motion for extension of time to serve Defendant. (ECF No. 5). The Court denied the motion the next day, noting that, before addressing service, Plaintiff needed to either file an amended complaint or notice to stand on his complaint. (ECF No. 6). The Court reminded Plaintiff of the 30-day deadline to respond to the screening order and warned Plaintiff that failure to respond may result in the dismissal of the case. Further, the Court directed the Clerk to resend the screening order to Plaintiff at the address on record. The order was mailed on April 14, 2023, and has not been returned as undeliverable. More than 30 days have passed since the Court issued its screening order, and Plaintiff has filed nothing.

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

---

[1] For readability, the Court has altered capitalization from some of Plaintiff's quotes without indicating each change.

(quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to respond to the screening order as required by two orders (*see* ECF Nos. 4, 6) and otherwise prosecute this case is delaying litigation. Such failure to respond to the orders, or even request an extension of time to do so, indicates that Plaintiff has no intention of pursuing this case. Allowing this case to proceed further, with minimal activity so far by Plaintiff, and no indication that Plaintiff wishes to prosecute this action further, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from advancing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal on two occasions, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against

1   dismissal. *Id.*

2   **III.     CONCLUSION AND RECOMMENDATIONS**

3          After weighing the factors regarding dismissal, the Court finds that dismissal without

4   prejudice is appropriate. Accordingly, the Court RECOMMENDS that:

5          1.      This case be dismissed, without prejudice, because of Plaintiff's failure to

6   prosecute and comply with the Court's orders; and

7          2.      The Clerk of Court be directed to close this case.

8          These findings and recommendations are submitted to the United States district judge

9   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

10  (14) days after being served with these findings and recommendations, Plaintiff may file written

11  objections with the court. Such a document should be captioned "Objections to Magistrate

12  Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

13  the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d

14  834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15  IT IS SO ORDERED.

16

17     Dated:   **May 22, 2023**                /s/ *Erica P. Grosjean*

18                                          UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28